# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:16-cr-00074-WSD |
| JOSHUA DAVIS, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Joshua Davis' ("Defendant") Motion for Release Pending Sentencing [72] ("Motion").

## I. BACKGROUND

On March 14, 2017, Defendant was found guilty by a jury of one count of Theft of Credit Union Funds, in violation of 18 U.S.C. § 2113(b), and one count of Possession of Stolen Credit Union Funds, in violation of 18 U.S.C. § 2113(c). ([67]; [68]). The Court remanded Defendant to the custody of the United States Marshals Service pending sentencing. ([67]). The Court found that detention was proper in this case under 18 U.S.C. § 3143(a), which states that a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained . . . ."

On March 24, 2017, Defendant filed his Motion. Defendant argues that he should be released because (i) Defendant's performance while under pretrial supervision for thirteen (13) months was "exemplary;" (ii) Defendant has strong ties to the community, including being married and living in Georgia his entire life; and (iii) Defendant has medical issues that are difficult to treat while incarcerated, including psychiatric care, and for his sickle cell disease. (Mot.).

On April 3, 2017, the Government filed its response in opposition to the Motion [73] ("Response"). The Government argues that Defendant is a flight risk because (i) of his psychiatric issues, (ii) he violated the conditions of his release by consuming prescription medication at a lethal quantity, and (iii) he may flee with unaccounted stolen funds in the amount of $166,960.00. (Resp.). The Government states that Defendant should remain detained pending sentencing. (Id.).

## II. DISCUSSION

### A. Legal Standard

18 U.S.C. § 3143(a)(1) provides that

> [A] judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. [§] 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a

> danger to the safety of any other person or the community if
> released. . . . If the judicial officer makes such a finding, such judicial
> officer shall order the release of the person. . . .

18 U.S.C. § 3143(a)(1).

B. <u>Analysis</u>

Defendant fails to provide any meaningful, and certainly no "clear and convincing evidence" that he is not a flight risk or danger to others. Defendant argues that his performance while under pretrial supervision was "exemplary," particularly because he had no new arrests and he reported to his court dates as ordered. Defendant states that his marriage and life-long citizenship of Georgia also show that he has strong ties to the community. The Government argues that Defendant's February 10, 2017, episode using Valium, is evidence that Defendant "is not willing to face the consequences of his actions," and, thus, is a flight risk. (Resp. at 3). The Government argues further that the $166,960.00 that was not recovered by the Federal Bureau of Investigation may be available to Defendant for use to flee before sentencing.

The Court agrees that Defendant's psychiatric issues could cause Defendant to flee to avoid sentencing and that he may have access to funds stolen from the credit union. The Court is not persuaded, and Defendant has not presented "clear and convincing evidence" to show, that the presumption of detention is rebutted

and the evidence is further that he is a risk of flight.  Defendant's Motion is denied on this ground.

Defendant additionally argues that he should be released to receive appropriate medical treatment for his psychological issues and his sickle cell disease.  The Government responded that the United States Marshals Service has a medical staff "that is fully capable of addressing the needs of inmates with psychological issues and sickle cell conditions."  (Resp. at 4).  Moreover, "[i]f the doctors at Defendant's facility determine that Defendant needs an outside consult for sickle cell, the U.S. Marshal Service will accommodate that need."  (Id.).  The Government has notified the Marshals Service of the need for observation and medical care.

Defendant has not presented any evidence that the Marshal Service has not provided him with the appropriate care for his medical conditions.  Defendant's Motion also is denied on this medical care ground.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Joshua Davis' Motion for Release Pending Sentencing [72] is **DENIED**.

**SO ORDERED** this 11th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE